**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **STANFORD STREET HOLDINGS, LLC** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | **CIVIL ACTION NO. 4:17-CV-01646** |
| **V.** | § | |
| | § | **JURY** |
| **WESTERN HERITAGE INSURANCE** | § | |
| **COMPANY AND TIM MERCER,** | § | |
| | § | |
| *Defendants.* | | |

<u>**WESTERN HERITAGE INSURANCE COMPANY'S NOTICE OF REMOVAL**</u>

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, WESTERN HERITAGE INSURANCE COMPANY ("Western Heritage") files its Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship, improper joinder and amount in controversy, and respectfully shows the following:

**I.   PROCEDURAL BACKGROUND**

1.     On March 2, 2017, Plaintiff, Stanford Street Holdings, LLC ("Stanford" or "Plaintiff") filed its Original Petition in a case styled *Stanford Street Holdings, LLC v. Western Heritage Insurance Company and Tim Mercer*, Cause No. 2017-14472, pending in the 157th Judicial District Court for Harris County, Texas.

2.     Western Heritage received a copy of the Plaintiff's Original Petition on or about May 2, 2017.

1

3.      Western Heritage files this notice of removal within 30 days of receiving Plaintiff's Original Petition.  *See* 28 U.S.C. § 1446(b).  This Notice of Removal is being filed within one year of the commencement of this action.  *see id.*

4.      All pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

5.      Attached hereto are copies of the following documents:

- **Exhibit 1:**    The state court's Docket Sheet;

- **Exhibit 2:**    Plaintiff's Original Petition;

- **Exhibit 3:**    Citation served on Tim Mercer;

- **Exhibit 4:**    Citation served on Western Heritage Insurance Company;

- **Exhibit 5:**    Defendant, Tim Mercer's Original Answer to Plaintiff's Original Petition;

- **Exhibit 6:**    Defendant, Western Heritage Insurance Company's Original Answer to Plaintiff's Original Petition

- **Exhibit 7:**    List of Parties and Counsel

- **Exhibit 8:**    Motion to Withdraw as Attorney

## II.   BASIS FOR REMOVAL

6.      Removal is proper based on diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

A.   **Plaintiff and Western Heritage are diverse**

7.      Plaintiff is, and was at the time the lawsuit was filed, a citizen of Texas.

8.      Defendant, Western Heritage, is incorporated under the laws of the State of Arizona, with its principal place of business in Scottsdale, Arizona.

2

B.     **Tim Mercer has been improperly joined in this lawsuit**

9.     With respect to the claims against adjuster Tim Mercer ("Mercer"), it is Western Heritage's position that he is improperly joined in this action and is therefore not a proper party to this lawsuit.   Therefore, the Texas citizenship of Mercer should be disregarded for the purposes of evaluating diversity in this matter.   The doctrine of improper joinder ensures that the presence of an improperly joined, non-diverse defendant does not defeat federal removal jurisdiction premised on diversity.   *See Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).   The removing party bears the burden of demonstrating improper joinder.   *See id.* (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir.1999)).

10.     The Fifth Circuit explained that a removing party can establish improper joinder by demonstrating either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court."   *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc).   Under the second method, the test for improper joinder is whether the defendant has demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."   *Id.* at 573.   The Fifth Circuit's *en banc* decision in *Smallwood* unequivocally adopted this phrasing as the test for fraudulent joinder.   *Id.* ("To reduce possible confusion, we adopt this phrasing of the required proof and reject all others, whether the other appear to describe the same standard or not").

11.     A court may resolve the issue of whether a plaintiff has a reasonable basis of recovery in one of two ways.   *Id.*   "The court may [either] conduct a Rule 12(b)(6)-type analysis . . . [or], in its discretion, pierce the pleadings and conduct a summary inquiry."   *Int'l Energy*

3

*Ventures Mgmt., L.L.C. v. United Energy Grp.*, Ltd., 2016 WL 1274030, at *8 (5th Cir. Mar. 31, 2016) (quoting *Smallwood*, 385 F.3d at 573). "Certainly a court may choose to use either one of these two analyses, but it must use one and only one of them, not neither or both." *Id.* at *7.

12.     If a court chooses to apply the 12(b)(6) analysis, then it will initially look "at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. However, in *Int'l Energy Ventures Mgmt., L.L.C.*, the Fifth Circuit recently opined that this particular language of *Smallwood* "must not be read to imply that a state pleading standard applies." *Int'l Energy Ventures Mgmt., L.L.C.*, at *7. The court further stated that "the *Smallwood* opinion unequivocally announced its own test for improper joinder under the second 'way' immediately thereafter," which did not include the in state court language.[1] *Id.* Thus, if a federal court chooses to conduct a Rule 12(b)(6)-type analysis to determine whether there is no reasonable basis to predict that a plaintiff might be able to recover against a non-diverse defendant, then the court must "apply the federal pleading standard embodied in that analysis." *Id.* at *8. Because "the Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*: 'To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'''" *Id.* at *3 (quoting *Reece v. U.S. Bank Nat'l Ass'n*, 762 F.3d 422, 424 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twobly*, 550 U.S. 544, 547 (U.S. 2007).

13.     Additionally, "merely pleading a valid state law claim . . . against the resident defendant does not mean that the joinder of the resident defendant is not fraudulent . . . ."

---

[1] The *Smallwood* test is "whether the defendant has demonstrated that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *See Smallwood*, 385 F.3d. at 573. This test does not mention a state pleading standard.

*Hornbuckle v. State Farm Lloyd's*, 385 F.3d 538, 542 (5th Cir. 2004).  In the context of joinder of non-diverse insurance adjusters, Courts in the Fifth Circuit require plaintiffs "to allege specific actionable conduct by the adjuster and to distinguish claims against the adjuster from generic, conclusory, statute-tracking claims against the insurer."  *Okenkpu v. Allstate Texas Lloyd's*, Civ. A. H-11-2376, 2012 WL 1038678 at *7 (S.D. Tex. Mar. 27, 2012) (citing *Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.,* Civ. A. No. H–10–1846, 2011 WL 240335, *14 (S.D.Tex. Jan.20, 2011).

14.     Here, however, Plaintiff fails to offer any specific actionable facts to support its claims against Mercer that are distinct from Plaintiff's claims against Western Heritage.  In fact, the Original Petition alleges absolutely no facts against Mercer that are separate from the facts alleged against Western Heritage.  Instead, the allegations are verbatim.  Therefore, Plaintiff fails to state a viable state law claim against Mercer, individually.  *See Okenkpu*, 2012 WL 1038678 at *7; *Keen v. Wausau Business Ins. Co.*, 875 F.Supp.2d 682 (S.D.Tex. 2012) (Harmon, J.) ("[W]hen an adjuster's actions 'can be accomplished by [the insurer] through an agent' and when the claims against the adjuster are identical to those against the insurer, the adjuster's actions 'are indistinguishable from [the insurer's] actions' and hence are insufficient to support a claim against the adjuster.") (citing *Centro Cristiano Cosecha Final, Inc. v. Ohio Cas. Ins. Co.*, 2011 WL 240335, *14 (S.D. Tex. 2011)).

15.     Plaintiff's complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 547.  Yet the Court need not credit naked conclusory allegations or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 570.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual

2740033v1
04805.304

allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*  (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).  "When the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim has facial plausibility. *Iqbal*, 556 U.S. at 663.

16.     Plaintiff does not offer any factual support for its claims against Mercer (the adjuster) for which Mercer may be held liable.  Plaintiff fails to make the required "factual fit between [its] allegations and the pleaded theory of recovery." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

17.     The "facts" asserted against Mercer and Plaintiff's pleaded causes of action are incongruent.  Indeed, Plaintiff's failure to mention any **actionable facts** against Mercer—facts that support a reasonable inference that Mercer could be held individually liable under Plaintiff's pleaded causes of action under the Texas Insurance Code chapters 542 and 541, and the Texas Deceptive Trade Practices Act —constitutes a failure to state a claim and improper joinder of that party. *See, e.g., Lakewood Chiropractic Clinic*, 2009 WL 3602043, at *3 (holding that "near verbatim recitations of portions of Chapters 541 and 542 of the Texas Insurance Code" without "facts illustrating what actions are attributable to [the adjuster] individually" does not provide a reasonable basis of recovery); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co* ., 4:09-cv-165-A, 2009 WL 1437837, at *3–4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "Defendants" violated such provisions "are really

legal conclusions couched as factual allegations"); *Broadway v. Brewer*, 2009 WL 1445449, at

*2 (E.D. Tex. May 21, 2009) (holding that a petition listing statutory provisions of the Insurance

Code that were violated by Defendants "does not, on its face, allege facts supporting an

independent cause of action against [the insurance agent]"); *First Baptist Church of*

*Mauriceville, Tex. v. GuideOne Mut. Ins. Co.*, No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D.

Tex. Sept. 29, 2008) (holding that the plaintiffs' Petition "failed to state specific factual

averments identifying how [the adjuster] violated the law in a manner giving rise to the asserted

claims"); *Griggs*, 181 F.3d at 701–02 (upholding denial of motion to remand where there were

no factual allegations in plaintiff's petition to support claim against agent).

18.     Additionally, Plaintiff alleges causes of action against Mercer that it cannot

recover.[2]

19.     Based upon the foregoing, it is clear that Mercer was improperly joined in the

lawsuit in an effort to defeat diversity jurisdiction.

20.     Further, without asserting facts as to how Mercer, individually and not as an

adjuster assigned by Western Heritage, committed an actionable violation of the Texas Insurance

---

[2] Texas federal courts that have addressed § 541.060 unfair settlement practices allegations against an adjuster have found that the section only applies to insurers, and that it does not apply to adjusters. *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 950 (S.D. Tex. 2016); *Ministerio Int'l Lirios Del Valle v. State Farm Lloyds*, 3:16-CV-1212-D, 2016 WL 5791550, at *3 (N.D. Tex. Oct. 4, 2016)(J. Fitzwater); *see, Meritt Buffalo Events Ctr., LLC v. Cent. Mut. Ins. Co.*, 3:15–CV–3741–D, 2016 WL 931217, at *4 (N.D.Tex. Mar. 11, 2016) ("Massey and Cagle are both adjusters, and "[a]n adjuster 'cannot be held liable under this section because, as an adjuster, he does not have settlement authority on behalf of the insurer.'"); *see, e.g., Doss v. Warranty Underwriters Ins. Co.*, 04–11–00776–CV, 2012 WL 5874316, at *2 (Tex.App.–San Antonio Nov. 21, 2012, no pet.) (noting that provisions such as § 541.060(a)(2)(A) apply "only to the insurer-insured relationship"). Chapter 542 only applies to insurers.  *See Richardson E. Baptist Church v. Philadelphia Indem.* Ins. Co., 05–14–01491–CV, 2016 WL 1242480, at *10 (Tex.App.–Dallas Mar. 30, 2016, no. pet. h.); *see, e.g., Mainali Corp. v. Covington Specialty Ins. Co.*, 3:15–CV–1087–D, 2015 WL 5098047, at *6 (N.D.Tex. Aug. 31, 2015) ("Chapter 542 only applies to specifically listed 'insurers,' and Summers, an adjuster, is not an insurer."). Texas law does not recognize a cause of action for negligent claims handling. *Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997).

Code, Plaintiff's claims cannot survive dismissal. *Twombly*, 550 U.S. at 555. Generic allegations will not support an arguable basis of individual liability against the individual Non-Insurer Defendants. *Caballero v. State Farm Lloyds*, 2003 WL 23109217 (S.D.Tex. 2003) (Hudspeth, J.) (not designated for publication). Texas law is clear that to be liable for alleged violations of the Texas Insurance Code, the adjuster, individually, must have committed the violation that caused the harm. *Frisby v. Lumberman's Mut. Cas. Co.*, 500 F.Supp.2d 697 (S.D.Tex. 2007). Here, the alleged harm is Western Heritage's failure to pay for covered damages.

21.    Importantly, to state a valid state law cause of action, Plaintiff's Original Petition must demonstrate a factual fit between the allegations and the pleaded theory of recovery. *First Baptist Church of Mauriceville, Texas v. Guideone Mut. Ins. Co.*, 2008 WL 4533729 *4 (E.D.Tex. 2008 (not designated for publication) (Hines, J.) *see Griggs*, 181 F.3d at 700). In the instant case, no such fit exists. It is not the law in Texas that any time an adjuster writes an estimate below a policy's deductible or for less than full limits of the policy that a reasonable possibility of recovery against him/her individually exists because he theoretically could have possibly violated the Insurance Code. *McGinty v. Hennen*, 372 S.W.3d 625, 658 (Tex. 2012) (overturning a jury verdict finding that an expert's repair estimate using Xactimate was not legally sufficient evidence of damages). This, however, is precisely the pleaded claims against Mercer in Plaintiff's Original Petition. As pleaded, these claims against Mercer are not actionable, but are asserted only in an attempt to defeat diversity jurisdiction.

22.    The claim at issue, no matter how Plaintiff couches it in the lawsuit, is whether Western Heritage owes Plaintiff any additional payment under the policy for the claimed loss.

Plaintiff's claim is for economic losses against Western Heritage, which are contractual claims. Further, a *bona fide* dispute as to coverage or the amount of the claim exists that may preclude Plaintiff's actions for alleged bad faith and Insurance Code violations.  Therefore, Plaintiff's assertions against Mercer, the non-diverse defendant, fail to show any likelihood of recovery against Mercer, individually.  As such, this Court should disregard the citizenship of Mercer, the non-diverse defendant.  And the Court should find removal of this case is proper.

C.     **Plaintiff's Pleaded Amount in Controversy Exceeds the Jurisdictional Threshold for Subject Matter Jurisdiction.**

23.     As alleged in its Original Petition, Plaintiff seeks "monetary relief in excess of $100,000." (*See* Plaintiff's Original Petition, ¶ 2).  Therefore, the amount in controversy exceeds the $75,000.00 jurisdictional requirement for removal.

### III.   THIS REMOVAL IS PROCEDURALLY CORRECT

24.     Western Heritage received service of this lawsuit on May 2, 2017.  Thus, Western Heritage is filing this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

25.     Venue is proper in this District and Division under 28 U.S.C. §1446(a) because i) this District and Division include the county in which the state action has been pending, and ii)  a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this District and Division.

26.     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

27.     Promptly after Western Heritage files this Notice of Removal, written notice of the filing will be given to Plaintiff pursuant to 28 U.S.C. §1446(d).

9

2740033v1
04805.304

28.     Promptly after Western Heritage files this Notice of Removal, a true and correct copy of same will be filed with the Clerk of the Harris County District Court pursuant to 28 U.S.C. §1446(d).

29.     Consent of an improperly joined defendant is not necessary for removal. Nonetheless, Mercer consents to this removal.

### IV.   CONCLUSION

30.     Based upon the foregoing, the exhibits submitted in support of this removal, and other documents filed contemporaneously with this Notice of Removal, Defendant, WESTERN HERITAGE INSURANCE COMPANY, hereby removes this case to this Court for trial and determination.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:   */s/ George H. Arnold*_____
          **George H. Arnold,** *Attorney-in-Charge*
          S.D. Tex. Bar No. 15948
          State Bar No.  00783559
          *Email:*  garnold@thompsoncoe.com
          **Christina M. Fears**
          S.D. Tex. Bar No. 2368166
          State Bar No. 24060923
          *Email:*  cfears@thompsoncoe.com

          One Riverway, Suite 1400
          Houston, TX 77056
          Telephone:  (713) 403-8210
          Facsimile:  (713) 403-8299

**ATTORNEYS FOR WESTERN HERITAGE
INSURANCE COMPANY**

10

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June __1__, 2017, a true and correct copy of the foregoing instrument was delivered to all known counsel of record in accordance with the Federal Rules of Civil Procedure, and any applicable Local Rules, as follows:

William C. Harris
MERLIN LAW GROUP, PA
515 Post Oak Blvd., Suite 750
Houston, Texas 77056
*Email:* charris@MerlinLawGroup.com

***Counsel for Plaintiff***

/s/ Christina M. Fears
CHRISTINA M. FEARS

11

2740033v1
04805.304