3/2/2017 10:40:20 AM
Chris Daniel - District Clerk Harris County
Envelope No. 15621235
By: Nelson Cuero
Filed: 3/2/2017 10:40:20 AM

CAUSE NO. _____

| | | |
|---|---|---|
| STANFORD STREET HOLDINGS, LLC | )( | IN THE DISTRICT COURT OF |
| | )( | |
| | )( | |
| vs. | )( | HARRIS COUNTY, TEXAS |
| | )( | |
| WESTERN HERITAGE INSURANCE | )( | |
| COMPANY AND TIM MERCER | )( | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Plaintiff, STANFORD STREET HOLDINGS, LLC, (hereinafter sometimes referred to as "Plaintiff"), who files this original petition against defendants, WESTERN HERITAGE MUTUAL INSURANCE COMPANY (hereinafter sometimes referred to as "Western"), and TIM MERCER (hereinafter sometime referred to as "Mercer"), and for cause of action would show the following:

### A. DISCOVERY CONTROL PLAN

1. Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190.4 of the Texas Rules of Civil Procedure.

2. Plaintiff seeks only monetary relief in excess of $100,000.

### B. PARTIES

3. STANFORD STREET HOLDINGS, LLC, Plaintiff, is a Texas Limited Liability Company whose principal place of business is in Houston, Harris County, Texas.

4. WESTERN HERITAGE INSURANCE COMPANY is a foreign insurance company licensed to do business in the State of Texas, with its principal place of business in Arizona. Service may be had on WESTERN HERITAGE INSURANCE COMPANY by serving

1

**EXHIBIT 2**

the Commissioner of the Department of Insurance, via Certified Mail, Return Receipt Requested, at P.O. Box 149104, Austin, TX 78714-9104.

5.     TIM MERCER is an adjuster retained by WESTERN to adjust the claim at issue in this case and is a resident of the State of Texas and may be served with process by personally serving him at his place of employment (or wherever he may be found): Cunningham & Lindsey, 4201 Cypresscreek Parkway, Suite 255, Houston, Texas 77068.

## C. JURISDICTION

6.     This court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the court.

7.     The court has jurisdiction over the Defendant, WESTERN HERITAGE INSURANCE COMPANY because Defendant is licensed to do insurance business in the state of Texas; engages in the business of insurance in Texas; and the cause of action arises out of its business activities in Texas.

8.     The court has jurisdiction over the Defendant, TIM MERCER because he is the claims adjuster assigned by WESTERN to adjust the claim at issue and engages in the business of insurance in Texas; and the cause of action arises out of its business activities in Texas.

## D. VENUE

7.     Venue is proper in Harris County, Texas because:

a.     The property which was insured by WESTERN, and which sustained damages as a result of the covered cause of loss made the basis of this suit, is located in Harris County, Texas;

b.     The damage to Plaintiff for which claim was made to WESTERN for insurance proceeds was incurred in Harris County, Texas as a result of a covered cause of loss, which occurred in Harris County, Texas;

c.   Plaintiff makes claims of unfair claims handling practices and the claim made the basis of the suit was adjusted by WESTERN and MERCER, who conducted claims-handling activities in Harris County, Texas;

d.   This case involves a breach of contract and deceptive trade practices where the breach and deceptive acts occurred in Harris County, Texas;

## E. <u>FACTS</u>

8.   Plaintiff is the owner of a Texas commercial insurance policy issued by Defendant with Policy No. SCP1512534-01 (hereinafter sometimes referred to as "Policy") for the policy period of 06/18/2015 through 06/18/2016. Plaintiff owns the insured property located within a leased premises located at 611 Hyde Park Blvd., Houston, Texas 77006, (hereinafter sometimes referred to as "Building").

9.   WESTERN sold the Policy insuring the Building for damages resulting from the covered cause of loss made the basis of this suit, (namely fire) including, without limitation, physical damage to property, damage to business personal property, and debris removal, all of which are more particularly described in the Policy. Plaintiff paid all premiums when due and was issued the Policy, which was in full force and effect at the time that the damages were sustained as a result of a covered cause of loss, which occurred on or about 01/02/2016, (hereinafter sometimes referred to as "Covered Event").

10.   As a result of the Covered Event, which occurred on 01/02/2016, Plaintiff suffered losses covered under the Policy. The Building sustained severe damages, which required temporary and permanent repairs and replacement of business personal property and inventory. Plaintiff continues to suffer damages which are covered under the Policy.

11.   Plaintiff promptly put WESTERN on notice of the claim.

12.    Plaintiff retained AAPA, LLC to assist with the claim.  AAPA, LLC estimated damages at a minimum of $366,909.51.  WESTERN advanced $200,000 and had not paid any more money on the claim.

13.    WESTERN has grossly underpaid the damages suffered by Plaintiff in breach of the insurance policy.

14.    Since WESTERN has partially or completely denied the claim, it is obvious that Defendant had all the information in its possession that it reasonably required to accept or reject the claim.

15.    WESTERN and MERCER knew that Plaintiff did not have business interruption insurance.  For that reason it was crucial to Plaintiff to get the claim paid as quickly as possible so as to get the business back up and running as quickly as possible to avoid losing the business completely.  AAPA worked diligently to quickly and professionally provide WESTERN and MERCER all documentation and proof of the damages incurred to the business personal property and inventory of Plaintiff.  Knowing that Plaintiff did not have business interruption insurance WESTERN and MERCER "slowed played" Plaintiff through the entire claims handling process.  WESTERN and MERCER would make requests for documents or things and wait until the twenty ninth day and then ask for more documents and things.  This despite AAPA informing WESTERN and MERCER that AAPA could provide any and all documentation reasonable required on an expedited basis.  The acts of WESTERN and MERCER were intentional and done with the intent to hurt Plaintiff.

16.    The fact that WESTERN and MERCER acted with intent is proved by the fact that after paying the $200,000 advance, and being in possession of proof of at least $366,909.51 in covered damages, WESTERN and MERCER refused to provide Plaintiff with a written

4

estimate or anything else in writing showing what WESTERN and MERCER believed the damages were or why WESTERN and MERCER believed the damages were not as Plaintiff had claimed. All that WESTERN and MERCER would say is that the $200,000 was more than the claim was worth and WESTERN was not going to pay any more money. The failure by WESTERN and MERCER to provide a written estimate or a written explanation of what the $200,000 was for or why the claim was not worth more than $200,000 is a per se violation of Sections 541 and 542 of the Texas Insurance Code.

17.     WESTERN and MERCER are both "in the business of insurance" as that term is defined in the Texas Insurance Code, and as such, both WESTERN and MERCER are liable for unfair claims handling practices as set out in sections 541 and 542 of the Texas Insurance Code.

## F. CAUSES OF ACTION
### COUNT I
### BREACH OF CONTRACT BY WESTERN

18.     Paragraphs 1 through 17 are incorporated by reference.

19.     The conduct of WESTERN, as described above, constitutes a breach of the insurance contract made between WESTERN and Plaintiff.

20.     WESTERN's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy and under the laws of the State of Texas, constitutes material breaches of the insurance contract with Plaintiff. WESTERN's breach of the contract proximately caused Plaintiff to suffer damages in the form of actual damages, consequential damages, along with reasonable and necessary attorney's fees. Plaintiff has complied with all obligations and conditions required of it under the insurance contract.

## COUNT II
## VIOLATIONS OF THE TEXAS INSURANCE CODE
## BY WESTERN and MERCER

21.     Paragraphs 1 through 20 are incorporated by reference.

22.     The conduct of WESTERN and MERCER, as described herein, constitutes multiple violations of the *Texas Unfair Compensation and Unfair Practices Act*. TEX. INS. CODE Chapter 541. All violations under this article are made actionable by TEX. INS. CODE Section 541.151.

23.     Defendant's unfair practice, described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

24.     Defendant's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claims even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

25.     Defendant's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.051, 541.060 and 541.061.

26.     Defendant's unfair settlement practice, described above, refusing to pay Plaintiff's claims while failing to conduct a reasonable investigation, constitutes an unfair

6

method of competition, and unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE Sections 541.001, *et seq.*, including, without limitation, 541.051, 541.060 and 541.061.

### COUNT III
### THE FAILURE OF WESTERN and MERCER TO COMPLY WITH TEXAS INSURANCE CODE CHAPTER 542:  THE PROMPT PAYMENT OF CLAIMS ACT

27.     Paragraphs 1 through 26 are incorporated by reference.

28.     WESTERN's and MERCER's conduct constitutes multiple violations of the *Texas Prompt Payment of Claims Act*, TEX. INS. CODE Chapter 542.  All violations made under this article are made actionable by TEX. INS. CODE Section 542.060.

29.     WESTERN's and MERCER's failure, described above, to commence investigation of the claims and request from Plaintiff all items, statements and forms that it reasonably believed would be required within the applicable time constraints, constitutes a non-payment of the claims.  TEX. INS. CODE Section 542.055-542.060.

30.     WESTERN's and MERCER's refusal to pay Plaintiff's entire claim or delay of payment of Plaintiff's claim, described above, following its receipt of all items, statements and forms reasonably requested and required longer than the amount of time prescribed for, constitutes a non-prompt payment of the claims.  TEX. INS. CODE Sections 542.055-542.060.

### COUNT IV
### BREACH OF DUTY OF GOOD FAITH AND FAIR DEALINGS BY WESTERN

31.     Paragraphs 1 through 30 are incorporated by reference.

32.     WESTERN, as an insurer, is subject to the laws of the State of Texas and owed to Plaintiff the duty to deal with it fairly and in good faith.

7

33.     WESTERN refused to pay a substantial portion of the property damage claim despite the fact that its liability was clear.

34.     No reasonable insurer would have failed to fully pay this claim with the information available to WESTERN at the time that it decided not to pay the full value of this claim.  The conduct of WESTERN constitutes a breach of the common law duty of good faith and fair dealing owed to insureds under insurance contracts.  As described above, WESTERN failed to adequately and reasonably investigate and evaluate Plaintiff's claim, while WESTERN knew or should have known by the exercise of reasonable diligence that its liability is reasonably clear, all of which constitutes a breach of the duty of good faith and fair dealing.

35.     The refusal to fully adjust and pay this claim in violation of the duties of good faith and fair dealing, proximately caused Plaintiff to suffer independent damages including economic damage and emotional distress caused by the denial.  WESTERN is liable to Plaintiff for extra contractual damages for Plaintiff's separate injury and independent damages in a sum in excess of the minimum jurisdictional limits of the court.

## G.  KNOWLEDGE AND INTENT

36.     Paragraphs 1 through 35 are incorporated by reference.

37.     Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" with conscious indifference to the harm which would result to Plaintiff and was a producing cause of Plaintiff's damages described herein.

## H.  VIOLATION OF TEXAS DECEPTIVE TRADE PRACTICES ACT

38.     Paragraphs 1 through 37 are incorporated by reference.

39.     Plaintiff purchased the Policy in question from the WESTERN and is a "consumer" as that term is defined under the Texas Deceptive Trade Practices Act.  Plaintiff has

been damaged by WESTERN's conduct, described above, which constitutes a deceptive or unfair insurance practice as that term is defined under the Texas Insurance Code.

40.     Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act pursuant to its tie-in provision for Insurance Code Violations.  Accordingly, Plaintiff also brings each and every cause of action alleged above under the Texas Deceptive Trade Practices Act pursuant to its tie-in provision.

41.     WESTERN has violated the Texas Deceptive Trade Practices Act in the following non-exclusive manners:

a.     WESTERN misrepresented to the claimant-insured a material fact or policy provision relating to coverage at issue;

b.     WESTERN failed to attempt in good faith to effectuate a prompt, fair and equitable settlement of the claim with respect to which the insurer's liability has become reasonably clear;

c.     WESTERN refused to pay the claim without a reasonable investigation on its part with respect to the claim.

42.     As a result of WESTERN's violations of DTPA, Plaintiff suffered actual damages.  Because WESTERN committed the acts knowingly and intentionally, with conscious indifference to the harm caused to the insured, Plaintiff is entitled to three times its damages for economic relief.

## I.  REQUEST FOR DISCLOSURE

43.     Paragraphs 1 through 42 are incorporated by reference.

44.     Pursuant to TRCP Rule 194, PLAINTIFF requests that WESTERN and MERCER disclose the materials described in TRCP Rule 194.2.

## J.  DAMAGES AND PRAYER

45.     Paragraphs 1 through 44 are incorporated by reference.

46.     The conduct of WESTERN and MERCER, as described herein, was a producing cause of Plaintiff's economic damages.  As a result, Plaintiff suffered economic damage and expenses for which WESTERN and MERCER are liable.

44.     As a direct result of the knowing misconduct by WESTERN and MERCER, Plaintiff suffered additional damages.  Accordingly, WESTERN and MERCER are liable to Plaintiff for economic damages and additional damages of up to three times economic as permitted by the Texas Insurance Code and the Texas Deceptive Trade Practices Consumer Protection Act.

45.     WHEREFORE, PREMISES CONSIDERED, Plaintiff herein prays that Defendants be cited to appear and answer, and that on a final trial on the merits, Plaintiff recover from Defendants damages for all causes of action described above, extra contractual damages as allowed by law and the causes of action described above, attorney fees, costs of court, and all interest allowed by statute and common law and for such other further relief to which Plaintiff may be entitled, both in equity and at law.

Respectfully submitted

**MERLIN LAW GROUP**
515 Post Oak Blvd., Suite 750
Houston, Texas 77027
Telephone:  (713) 626-8880
Facsimile:  (713) 626-8881

By:     _____
Patrick Connell McGinnis
State Bar No. 13631900
pmcginnis@merlinlawgroup.com


ATTORNEYS FOR PLAINTIFF

10

**JURY DEMAND**

Plaintiff respectfully demands a trial by jury.

_____
Patrick Connell McGinnis

11